Dennis P. Conner, Bar No. 283
Keith D. Marr, Bar No. 5999
Gregory G. Pinski, Bar No. 5254
J.R. Conner, Bar No. 36402194
CONNER, MARR & PINSKI, PLLP
P. O. Box 3028
Great Falls, MT 59403-3028
Phone: (406) 727-3550
Fax: (406) 727-1640
Email:   dennis@mttrials.com
         keith@mttrials.com
         greg@mttrials.com
         jr@mttrials.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MARK PERSON, ROBERT DORAN, SHELLY VERNON, ROBERT VERNON, TERRANCE BUCHANAN, SCOTT TINKLENBERG, GARY GUNDERSON, and VAUGHN VOLUNTEER FIRE DEPARTMENT, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>TANNERITE SPORTS LLC; DANIEL J. TANNER, individually and acting under the assumed business name TANNERITE EXPLOSIVES; and DOES 1-50.<br><br>Defendants. | Cause No. CV-21-93-GF-BMM-JTJ<br><br>**COMPLAINT AND JURY DEMAND** |

**COMES NOW** Plaintiffs by and through their attorneys, Conner, Marr & Pinski, PLLP, and for their Complaint against Defendants state and allege:

## PARTIES

1. Plaintiffs Person, Doran, S. Vernon, R. Vernon, Buchanan, Tinklenberg, and Gunderson are residents and citizens of Montana, and the owners of real and personal property in Cascade County, Montana, within the Great Falls Division of the United States District Court for the District of Montana.

2. Plaintiff Vaughn Volunteer Fire Department, Inc. ("Fire Department" is a rural fire department in Vaughn, Montana. The Fire Department is a Domestic Non-Profit Corporation registered under the laws of Montana with its principal address in Vaughn, Cascade County, Montana.

3. Defendant Tannerite Sports, LLC, is a Limited Liability Company organized under the laws of Oregon, with its principal place of business at 36366 Valley Rd, Pleasant Hill, Oregon. Tannerite Sports designs, manufactures, assembles, markets, advertises, sells, distributes, and/or supplies exploding rifle targets, under the Tannerite brand name, which it places into the stream of commerce. Tannerite Sports may be served through its registered agent for service, Daniel J. Tanner, at 36366 Valley Road, Pleasant Hill, Oregon 97455.

4. Upon information and belief, Defendant Daniel J. Tanner is a resident of and citizen of Oregon. Tanner is an individual who operates under the assumed

business name "Tannerite Explosives." Tanner is also the Manager, Owner, and/or Principal of Tannerite Sports, LLC, and engaged in, controlled, directed, authorized, and/or ratified the conduct of Tannerite Sports, LLC, and Tannerite Explosives. Tanner may be served with process at 36366 Valley Road, Pleasant Hill, Oregon 97455.

5. The true names or capacities, whether individual, corporate, associated, affiliated or otherwise of Defendants DOES 1 through 50, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Upon information and belief, each of the Defendants sued as a fictitious name is legally responsible for the events and happenings referred to, and Plaintiffs will seek leave of Court to amend this Complaint to insert their true names and capacities in place and instead of the fictitious names when the same become known to them.

## JURISDICTION AND VENUE

6. Jurisdiction is asserted under 28 U.S.C. § 1332(a) because this civil action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this Division under Local Rule 3.2(b)(1)(A) because the actions described occurred in this district and one or more plaintiff lives in this Division and District.

8. Tannerite Sports, LLC, and Daniel J. Tanner, individually and acting under the assumed business name Tannerite Explosives, (collectively "Tannerite"), designed, manufactured, assembled, marketed, advertises, sold and/or distributed the Tannerite Brand Binary Exploding Target. The Tannerite Brand Binary Exploding Target moved in the stream of commerce to Montana where it was sold to Montana citizens in Montana.

Plaintiffs reside in Montana and the Tannerite Brand Binary Exploding Target was purchased in Montana and the harm it caused occurred in Montana. The Tannerite Brand Binary Exploding Target had a Montana owner/purchaser and was transported in the stream of commerce to and sold in Montana as Tannerite expected it and other Tannerite Brand Binary Exploding Targets would be. All fact witnesses are in Montana. Tannerite has multiple retailers in Montana. Tannerite markets and advertises its Tannerite Brand Binary Exploding Targets in Montana.

The Court does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a company that delivers its products into the stream of commerce expecting they will be purchased by consumers in the forum state. Montana has a "manifest interest" in providing its residents with a convenient forum for redressing harms inflicted by out-of-state actors. Where individuals "purposefully derive benefit" from their interstate activities, it is unfair to allow them to escape having to account in other states for consequences that arise proximately

from such activities because the Due Process Clause may not be wielded as a territorial shield to avoid interstate obligations voluntarily assumed. This is particularly true in product liability actions. The purposes sought to be achieved by Montana's product liability laws would be furthered by their application to this set of facts.

One of the central purposes of Montana's product liability scheme is to prevent harms to Montana residents caused by defective products. Montana has a direct interest in applying its product liability laws because its residents were harmed by this Montana fire. Montana adopted a strict liability standard to afford maximum protection for consumers against defects in manufactured products with the focus on the condition of the product, and not on the manufacturer's conduct or knowledge.

Montana law provides maximum protection and compensation to Montana residents with the focus on the condition of the product and not on the conduct of the manufacturer. Applying Montana's provisions guaranteeing strict liability and full compensation to a cause of action involving Montanans harmed by a defective product furthers the purposes of Montana law by ensuring that the costs to Montana residents due to harms from defective products are fully borne by the responsible parties. It will also have the salutary effect of deterring future sales of defective products in Montana and encouraging manufacturers to warn Montana residents about defects in their products quickly and thoroughly. The guarantee of full

compensation for Montana residents who suffer harms due to defective products must not turn on such fortuitous circumstances as where the product was initially sold. Tannerite's willingness to sell to Montana consumers, its marketing to Montana residents, and its accrual of benefits from Montana consumers buying its products make it reasonable for Tannerite to anticipate being haled into a Montana court. Tannerite's actions show its willingness to serve the Montana market and Tannerite derived benefits from Montanans using Tannerite Brand Binary Exploding Target. Tannerite has the required minimum contacts with Montana under a stream of commerce theory.

## FACTUAL ALLEGATIONS

9. On or about September 2, 2019, Drew Michael Heineman, Xavier Vicente Mercado, and Xavier Vicente Mercado II went target shooting near mile marker 9 on Stuckey Road, Cascade County, Montana.

10. Defendants Tannerite Sports, LLC, and Daniel J. Tanner, individually and acting under the assumed business name Tannerite Explosives, (collectively "Tannerite"), design, manufacture, assemble, market, advertise, supply, distribute, and/or sell binary exploding targets called "Tannerite Brand Binary Exploding Targets."

11. Tannerite Brand Binary Exploding Targets are sold as a binary non-flammable explosive target kit comprised of ammonium nitrate and aluminum powder.

12. Tannerite Brand Binary Exploding Targets are sold as one package comprised of separately packaged components: one canister that contains a pre-measured amount of ammonium nitrate, one packet that contains a pre-measured amount of aluminum powder and one canister used for mixing.

13. Tannerite provides instructions with the Tannerite Brand Binary Exploding Targets directing the consumer to mix the two pre-measured substances in the mixing container; pour the mixture into the original target container; and to detonate the mixed exploding target with a center-fire rifle.

14. The mixed Tannerite Brand Binary Exploding Targets detonate at a rate between 16,000 and 18,000 feet per second.

15. The primary or common purpose of mixed Tannerite Brand Binary Exploding Targets is detonation or rapid combustion.

16. Tannerite Brand Binary Exploding Targets are marketed as a safe non-flammable binary exploding target for a user-friendly shot indicator for target practice using a variety of firearms.

17. The instructions included with Tannerite Brand Binary Exploding Targets provide for no other purpose than detonation.

18. Detonation or rapid combustion of the mixed Tannerite Brand Binary Exploding Target is capable of relatively instantaneous or rapid release of gas.

19. Detonation or rapid combustion of the mixed Tannerite Brand Binary Exploding Targets is capable of relatively instantaneous or rapid release of heat.

20. On or about September 2, 2019, Mercado II shot at and hit a Tannerite target. The Tannerite Brand Binary Exploding Target exploded on impact and the detonation immediately caused a fire.

21. The fire spread over approximately 16,000 acres destroying mixed agricultural crops, pastures, fencing, a residence, multiple out buildings, and damaging property belonging to Plaintiffs.

22. Plaintiffs incurred necessary expenses in fighting to suppress the fire and in mitigating damages caused by the fire.

23. Tannerite markets Tannerite Brand Binary Exploding Targets as a non-flammable binary exploding target. Tannerite represents to consumers that Tannerite Brand Binary Exploding Targets are specifically designed to be safe and non-flammable, whether sitting on a shelf, being mixed, or used. Tannerite represents that the Tannerite Brand Binary Exploding Targets produce a water vapor and a thunderous boom resembling an explosion.

24. Tannerite knowingly misleads consumers about the Tannerite Brand Binary Exploding Target's ability to start a fire.

25. Tannerite was the manufacturer, distributor, wholesaler, and/or seller of the Tannerite Brand Binary Exploding Target and/or its component ingredients and materials within the meaning of § 27-1-719, MCA, and is strictly liable for supplying and selling the defective the Tannerite Brand Binary Exploding Target that caused the fire and Plaintiffs' damages

26. Tannerite's defective design of the Tannerite Brand Binary Exploding Target was a substantial factor in causing the fire and fire damage.

## COUNT I
### Strict Liability – Defective Design Against
### Tannerite Sports LLC, Daniel J. Tanner, and Tannerite Explosives
### (Collectively "Tannerite")

27. Plaintiffs incorporate all previous paragraphs as if fully reproduced.

28. The Tannerite Brand Binary Exploding Target was in a defective condition because of defective design which proximately caused the Tannerite Brand Binary Exploding Target to create a fire resulting in the burning of approximately 16,000 acres and loss of property.

29. The Tannerite Brand Binary Exploding Target is defective in design because:

(a) The Tannerite Brand Binary Exploding Target has a tendency to cause fires;

(b) The foregoing creates an extreme risk of harm beyond the reasonable expectations of consumers and creates a risk that far outweighs any benefit associated with the design

       given the uses for which the Tannerite Brand Binary Exploding Target was marketed; and

   (c)    Safer alternative designs that safely preclude fire were technologically feasible when the Tannerite target left the control of Tannerite.

30.    As a direct and proximate result of the design defect, the Tannerite Brand Binary Exploding Target detonated and caused a fire which burned approximately 16,000 acres and destroyed mixed agricultural crops, pastures, fencing, buildings, damaged property belonging to Plaintiffs, and necessitated fire suppression and mitigation.

31.    As a direct and proximate result of the fire and their economic losses, Plaintiffs suffered emotional distress with physical manifestations of injury.

## COUNT II
### Strict Liability – Manufacturing Defect Against Tannerite Sports LLC, Daniel J. Tanner, and Tannerite Explosives (Collectively "Tannerite")

32.    Plaintiffs incorporate all previous paragraphs as if fully reproduced.

33.    The Tannerite Brand Binary Exploding Target was in a defective condition time of the manufacture, distribution, and sale by Tannerite because of a manufacturing defect and the failure of the Tannerite Brand Binary Exploding Target to conform to design.

34.    As a direct and proximate result of the manufacturing defect, the Tannerite Brand Binary Exploding Target detonated causing a fire which burned and

destroyed mixed agricultural crops, pastures, fencing, buildings, damaged property belonging to Plaintiffs, and necessitated fire suppression and mitigation.

35. As a direct and proximate result of the fire and their economic losses, Plaintiffs suffered emotional distress with physical manifestations of injury.

## COUNT III
### Strict Liability – Failure to Warn Against Tannerite Sports LLC, Daniel J. Tanner, and Tannerite Explosives (Collectively "Tannerite")

36. Plaintiffs incorporate all previous paragraphs as if fully reproduced.

37. The Tannerite Brand Binary Exploding Target was in a defective condition because of Defendants' failure to adequately warn consumers and users about the risk of serious harm associated with the Tannerite Brand Binary Exploding Targets, including the tendency of Tannerite Brand Binary Exploding Targets to detonate and cause fires.

38. As a direct and proximate result of the defective condition of the Tannerite Brand Binary Exploding Target, because of failure to warn, the fire occurred which burned and destroyed mixed agricultural crops, pastures, fencing, buildings, damaged property belonging to Plaintiffs, and necessitated fire suppression and mitigation.

39. As a direct and proximate result of the fire and their economic losses, Plaintiffs suffered emotional distress with physical manifestations of injury.

## COUNT IV
### Warranty Claims Against
### Tannerite Sports LLC, Daniel J. Tanner, and Tannerite Explosives
### (Collectively "Tannerite")

40. Plaintiffs incorporate all previous paragraphs as if fully reproduced.

41. Defendants knew users of Tannerite Brand Binary Exploding Targets, would rely on Tannerite to provide safe products, thereby expressly and impliedly warranting that the Tannerite Brand Binary Exploding Target would be suitable for its intended purposes and would not cause a fire.

42. As a direct and proximate result of Defendants' breach of warranties, Plaintiffs suffered the destruction of mixed agricultural crops, pastures, fencing, buildings, and their property which necessitated fire suppression and mitigation.

43. As a direct and proximate result of Defendants' breach of warranties and as a natural and foreseeable consequence, Plaintiffs suffered emotional distress with physical manifestations of injury.

## COUNT V
### Punitive Damages Against
### Tannerite Sports LLC, Daniel J. Tanner, and Tannerite Explosives
### (Collectively "Tannerite")

44. Tannerite had actual knowledge of facts or intentionally disregarded facts that created a high probability of injury to Plaintiffs and users of Tannerite Brand Binary Exploding Targets because of the detonation of Tannerite Brand Binary Exploding Targets and the ability to cause fire.

45. Tannerite deliberately acted in conscious or intentional disregard of the high probability of injury to Plaintiffs and other users and/or deliberately acted with indifference to the high probability of injury to Plaintiffs and other users of the Tannerite Brand Binary Exploding Target. Defendants Tannerite are guilty of malice as defined by Montana law, under Section 27-1-221, MCA, and each should be punished and made an example of to discourage each of them and others from engaging in like conduct, through an assessment of punitive damages.

## PLAINTIFFS' DAMAGES

46. Plaintiffs incorporate all previous paragraphs as if fully reproduced.

47. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs suffered damages including, but not limited to, economic losses; standing crop and pasture loss; cover crop loss; loss of nutrients; loss of topsoil; future crop yield losses; loss of grazing grass, loss of fencing, loss of buildings, loss of property, costs of repairs, other property damages and fire suppression and mitigation damages.

48. To mitigate their damages, Plaintiffs incurred costs in extinguishing the fire, in preparing to seed and maintain the burned acreage with a cover crop to prevent further topsoil loss, and other costs in mitigating their damages.

49. As a direct and proximate result of Defendants' wrongful conduct, the destruction and damage to their property, and resultant economic losses, Plaintiffs suffered emotional distress with physical manifestations of injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the Court and jury award the following damages:

1. All damages recoverable under Montana law;

2. Reasonable compensation for standing crop and pasture loss; cover crop loss; loss of nutrients; loss of topsoil; future crop yield losses; loss of grazing grass, fencing, buildings, property; costs of repairs; and other property damages.

3. Reasonable compensation for the economic costs of fighting to extinguish the fire, in preparing to seed and maintain the burned acreage with a cover crop to prevent further topsoil loss, and other mitigation damages;

4. Reasonable compensation for emotional distress with physical manifestations of injury;

5. Punitive damages in a sufficient amount to discourage Defendants Tannerite Sports, LLC; Daniel J. Tanner; Tannerite Explosives; and others from engaging in like conduct.

6. Costs of suit;

7. Pre-judgment and post-judgement interest as provide by law; and

8.  Such other and further relief as the Court deems appropriate.

Dated: September 1, 2021.

                                                CONNER, MARR & PINSKI, PLLP

                                                /s/ Gregory G. Pinski
                                                Gregory G. Pinski
                                                P.O. Box 3028
                                                520 Third Avenue North
                                                Great Falls, MT 59403-3028
                                                Telephone: (406) 727-3550
                                                Facsimile: (406) 727-1640
                                                greg@mttrials.com
                                                ATTORNEYS FOR PLAINTIFFS

## JURY DEMAND

Plaintiffs demand a jury trial on all issues triable to a jury.

Dated: September 1, 2021.

                                              CONNER, MARR & PINSKI, PLLP

                                              /s/ Gregory G. Pinski
                                              Gregory G. Pinski
                                              P.O. Box 3028
                                              520 Third Avenue North
                                              Great Falls, MT 59403-3028
                                              Telephone: (406) 727-3550
                                              Facsimile: (406) 727-1640
                                              greg@mttrials.com
                                              ATTORNEYS FOR PLAINTIFFS