# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| MARK PERSON, ROBERT DORAN, SHELLY VERNON, ROBERT VERNON, TERRANCE BUCHANAN, SCOTT TINKLENBERG, GARY GUNDERSON, and VAUGHN VOLUNTEER FIRE DEPARTMENT, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> TANNERITE SPORTS LLC; DANIEL J. TANNER, individually and acting under the assumed business name TANNERITE EXPLOSIVES; and DOES 1-50, <br><br> Defendants. <br><br> TANNERITE SPORTS LLC, <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> DREW MICHAEL HEINEMAN, XAVIER VINCENTE MERCADO, and XAVIER VINCENTE MERCADO II, <br><br> Third-Party Defendants. | **CV-21-93-GF-BMM** <br><br> **ORDER** |

1

## BACKGROUND

Tannerite Sports, LLC ("Tannerite") designs, manufactures, assembles, markets, advertises, sells, distributes, and supplies reactive rifle targets. (Doc. 25 at 2.) Drew Michael Heineman, Xavier Vincente Mercado, and Xavier Vincente Mercado II (collectively "Third-Party Defendants") shot Tannerite targets with firearms at a rural location in Cascade County on September 2, 2019. (Doc. 68 at 9.) Heineman saw flames after he shot one such Tannerite target and caused it to react on impact. (Doc. 68 at 10, 11.) Heineman and Mercado II attempted to put out the fire but failed. (Doc. 68 at 11, 12.) The resulting fire damaged property belonging to some or all of Plaintiffs Mark Person, Shelly Vernon, Robert Vernon, Terrance Buchanan, Scott Tinklenberg, Gary Gunderson, Robert Doran (whose estate is personally represented in the suit by Colleen Doran), Bower Ranch, Inc., Gary's Farms, Inc., and Vaughn Volunteer Fire Department, Inc. (collectively "Plaintiffs"). (Doc. 25 at 3.)

Plaintiffs sued Tannerite, its Manager and CEO Daniel Tanner, and Does 1-50 in the original suit for damages from the fire. (Doc. 38 at 14.) Tannerite filed a Third-Party Complaint against Third-Party Defendants seeking contribution or indemnification of Tannerite. (Doc. 42 at 16-26.) Tannerite alleges, among other claims, that Third-Party Defendants are strictly liable as downstream manufacturers ("Count I"). (Doc. 42 at 22-23.) Third-Party Defendants jointly

move for partial summary judgment as to Count I of Tannerite's Third-Party Complaint. (Doc. 59.)

## **LEGAL STANDARD**

A court should grant summary judgment where the movant shows that "no genuine dispute as to any material fact" exists and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists where sufficient evidence exists for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party wins the motion for summary judgment if, after the moving party shows that the nonmoving party lacks sufficient evidence to carry its burden of persuasion as to an essential element of the claim, "the nonmoving party fails to produce enough evidence to create a genuine issue of material fact." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-1103 (9th Cir. 2000).

## **DISCUSSION**

Tannerite claims that Third-Party Defendants, as downstream manufacturers, bear liability under Mont. Code Ann. §27-1-719 (Montana's product liability law) for any negligence or defect in the Tannerite binary reactive target that caused the fire. (Doc. 42 at 22.) Tannerite argues that Third-Party Defendants became

manufacturers of the target by taking steps to mix the target's components and prepare the target for use. (*Id.* at 19-21.)

Mont. Code Ann. §27-1-719 (2019) applies to a "seller," defined as "a *manufacturer*, wholesaler or retailer." (Emphasis added.) Liability under Mont. Code Ann. §27-1-719 (2019) applies only where "the seller *is engaged in the business of selling the product*[.]" (Emphasis added.) Nothing in the record suggests that any Third-Party Defendant engaged in the business of selling Tannerite targets. Nothing in the record suggests that any Third-Party Defendant sold, conveyed, or attempted to sell or convey any Tannerite target or target components, mixed or not mixed. *See* (Doc. 68 at 13) (marking Third-Party Defendants' allegation that "Defendants did not take any action to place the binary reactive target into commerce, and Tannerite does not allege any actions by Defendants to do so" as "Disputed" but failing to cite to the record as a basis to dispute).

*Mitchell v. Shell Oil Co.*, 579 F. Supp. 1326 (D. Mont. 1984), proves persuasive. In *Mitchell*, a worker on an oil well drilling rig sued his employer for injuries caused when a chain became entangled with the rig. 579 F. Supp. at 1328. The plaintiff claimed strict liability under Montana caselaw adopting § 402A of the Restatement (Second) of the Law of Torts. *Mitchell* at 1330. The plaintiff alleged that the defendant company effectively had manufactured the drilling rig by

modifying the rig over several years. *Id*. The *Mitchell* court noted that modification of a product to such an extent that it becomes an essentially new product may subject the modifier to strict liability under the caselaw. *Id*. The Montana Supreme Court's analysis did not end there.

The Restatement (Second) "provide[d] that strict liability in tort [would] apply only to '[o]ne who sells any product in a defective condition unreasonably dangerous to the user or consumer ... if [. . .] *the seller is engaged in the business of selling such a product*[.]'" *Id.* (Emphasis added.) *Mitchell* concluded that the defendant company could not be subject to liability because it "was not in the business of selling [the] product to the general public." 579 F. Supp. at 1331.

The language of the "business of selling" requirement under Mont. Code Ann. §27-1-719 (2019) shares virtual identity with the language upon which liability hinged in *Mitchell*. Third-Party Defendants likewise were "not in the business of selling [Tannerite targets or their component parts] to the general public," or any other buyer. *Id*. Tannerite fails to proffer evidence of "specific facts showing that there is a genuine issue for trial" as to the statutorily-required element of liability that Third-Party Defendants were engaged in the business of selling the allegedly defective product. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). Accordingly,

**ORDER**

**IT IS HEREBY ORDERED** that

Third-Party Defendants' Motion for Partial Summary Judgment as to Count I of Tannerite's Amended Third-Party Complaint (Doc. 59) is **GRANTED**.

**DATED** this 13th day of December, 2023.

_____
Brian Morris, Chief District Judge
United States District Court